CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2016 DEC 28  PM 1: 03

DEPUTY CLERK_____

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MELVIN FORREST BERRY, JR., | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV- 0060 |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DENY
## PETITION FOR WRIT OF HABEAS CORPUS

In this habeas corpus proceeding, petitioner MELVIN FORREST BERRY, JR. challenges a prison disciplinary proceeding that took place at the Neal Unit in Potter County, Texas. For the following reasons, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas application should be DENIED.

I.
PROCEEDINGS

Petitioner was charged in disciplinary case number 20140133780 with the offense of attempting to assault a prison officer. On January 15, 2014 at the disciplinary hearing, petitioner was found guilty and assessed punishment including forty-five (45) days of loss of commissary and recreation privileges, thirty (30) days forfeiture of accrued good time and a hold on his Line Class 3 status. Following the finding of guilty in the disciplinary proceeding, petitioner filed a Step 1 grievance on January 17, 2014 which was denied on January 31, 2014. Petitioner then

filed a Step 2 grievance on February 5, 2014 which was denied on February 11, 2014. The instant federal habeas corpus petition followed.

Petitioner BERRY has requested the Court to overturn the disciplinary case and restore his good time credits. Petitioner has raised four issues including (1) the denial of his right to attend the hearing, (2) the evidence was insufficient to support a finding of guilt, (3) the hearing officer was unfair and (4) TDCJ violated its policies because they failed to consult medical staff prior to imposing punishment. For the reasons set forth below, the Court finds petitioner's allegations do not rise to the level of constitutional violations.

## II.
## MERITS

Prisoners "may not be deprived of life, liberty, or property without due process of law." *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974). If a prisoner contends his unit of incarceration has deprived him of his liberty without due process of law, he may seek relief in federal court via a habeas corpus petition. *Wolff*, 418 at 557, 94 S.Ct. at 2975.

When the State of Texas created a right to good-time credit and recognized that its revocation is an authorized sanction for misconduct, "a prisoner's interest therein became embraced within the Fourteenth Amendment's liberty concerns so as to entitle him to those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Because federal habeas corpus is meant to redress the violation of a liberty interest, when a habeas claim is brought in the context of a challenge to a prison

disciplinary proceeding, the petitioner must, at a minimum, be eligible for mandatory supervised release and must have received a punishment sanction which included a forfeiture of previously accrued good-time credits. *Id.* Otherwise, no liberty interests are implicated and any claims brought in habeas corpus are not cognizable.

The practical consequence of this rule is that a prisoner may not challenge in federal habeas corpus the loss of recreation or commissary privileges. *Sandin v. Conner*, 515 U.S. 474, 486, 115 S.Ct. 2293, 2301, 132 L.Ed.2d 418 (1995); *Madison v. Parker*, 104 F.3d 765, 765 (5th Cir. 1997). He may not challenge his confinement to administrative segregation. *Sandin*, 515 U.S. at 473, 115 S.Ct. at 2295. He may not challenge a change in his time earning status, as the Fifth Circuit has specifically held, "[t]he loss of the opportunity to earn good-time credits, which might lead to earlier parole, is a collateral consequence of [petitioner's] custodial status. Yet, such speculative, collateral consequences of prison administrative decisions do not create constitutionally protected liberty interests." *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995).

As a result, petitioner BERRY may only challenge the 30-day forfeiture of accrued good time.

### Petitioner Not Allowed to Attend the Hearing

Petitioner BERRY has alleged that he was denied due process because he was not allowed to attend his hearing and confront his accuser. In his answer, respondent has set forth the appropriate standards required for disciplinary proceedings to comport with the Due Process Clause of the United States Constitution as set forth in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293 (1995) and *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963 (1974). It is unnecessary for this Report and Recommendation to repeat such well-established standards.

With regard to his claim, the undersigned notes petitioner did not have an absolute right to attend the disciplinary hearing. *Moody v. Miller*, 864 F.2d 1178, 1180 (5th Cir. 1989). Additionally, although petitioner claims his counsel substitute inadvertently checked "no" next to the inquiry whether petitioner wished to attend the hearing on the "Service Investigation Work Sheet," such claim is unsupported. Disciplinary Hearing Record (DHR) at 6.[1] Petitioner's counsel substitute also filed a formal "Waiver of Right to Attend Disciplinary Hearing" the day before the hearing. DHR at 3. At the hearing, the counsel substitute informed the Disciplinary Hearing Officer that petitioner declined to attend the hearing. DHR at 1-2. Whether petitioner told his counsel substitute he did not wish to attend the hearing and now regrets his decision or whether counsel substitute wrongfully waived petitioner's right to attend, the claim does not entitle petitioner to relief. Petitioner has not shown prejudice. Petitioner has not established what his attendance at the hearing would have changed. Petitioner's counsel substitute appeared on his behalf and had the opportunity to confront the accusing witness, a prison officer. Petitioner has failed to show that any testimony he would have given would have changed the outcome of the hearing. Petitioner's claim should be denied.

### Sufficiency of the Evidence

To the extent petitioner contends the evidence was insufficient to support the determination of guilt in violation of his due process rights, the Court finds such claim to be without merit. The allegation against petitioner is that on January 10, 2014 he attempted to assault a prison officer by lunging at him with a crutch in an aggressive manner. DHR at 4. In addition to the charging officer's report and testimony, the DHO received a witness statement

---

[1] The Disciplinary Hearing Record can be found at Dkt. 19.

from another officer into evidence. DHR at 8. Both witnesses testified that petitioner BERRY lunged at the charging officer aggressively while waiving a crutch.

Disciplinary determinations "will not be disturbed unless they are arbitrary and capricious." *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). The federal court's role on review is only to "examine if the guilty finding has 'support of some facts' or 'any evidence at all.'" *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001).

In this case, the record contains the witness statement referenced herein as well as the charging officer's report and testimony. This witness statement supports the charging officer's report and testimony that petitioner BERRY attempted to assault him. It does not matter whether this Court would have made the same determination based upon the record evidence because this Court cannot substitute its judgment for that of the TDCJ. *See Hudson*, 242 F.3d at 537. Rather, the Court is limited to determining whether there is "any evidence at all" supporting the determination of guilt. *Id.* In this case, there was evidence in the form of the offense report as well as testimony of the charging officer and a witness statement from another officer. DHR at 1, 4 and 8. Because there was some evidence indicating petitioner was guilty, this ground of error is without merit.

### Impartial Disciplinary Hearing Officer

Petitioner next argues the DHO was biased against him in violation of his due process rights and cites to his former grievances wherein he made the same argument against the same DHO. Specifically, petitioner BERRY argues the DHO always sides with prison personnel and in addition the DHO dislikes him thus the DHO cannot be fair and impartial with respect to him.

As an initial matter, nothing in the record indicates the DHO was predisposed to find

petitioner guilty of attempted assault or that the finding of guilt was based on less than constitutionally sufficient evidence.  *See Ross v. Estelle,* 694 F.2d at 1011 (5th Cir. 1983).  The record reflects ample evidence to support the DHO's finding of petitioner's guilt of the prison disciplinary offense specifically, the eyewitness report and testimony of the charging officer as well as the witness statement by Officer Day.  *See Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981); *Hudson v. Johnson,* 242 F.3d 534, 536 (5th Cir. 2001); *Broussard v. Johnson,* 253 F.3d 874, 877 (5th Cir. 2001).

Petitioner BERRY has put forth no evidence to show the DHO exhibited any bias or impartiality and instead has made allegations that are wholly conclusory, self-serving, and without merit.  Moreover, as argued by respondent, the burden to establish DHO bias is a difficult one to meet and to prevail, an inmate must demonstrate the disciplinary action taken, "presented such a hazard of arbitrary decision making that it should be held violative of due process of law."  Respondent's Brief at 19-20.  When taken in combination with the evidence that was before the DHO, the Court finds petitioner has not met his burden in this regard and his claim is without merit and should be denied.

### *Failure to Consult Prison Medical Staff Violates TDCJ Procedure*

Petitioner alleges TDCJ personnel should have consulted its medical department who would have advised of petitioner's need for a handicap shower.  Had it done so, alleges petitioner, he would not have been moved to a prison wing without such accommodation as part of his punishment.

An inmate challenging a prison disciplinary conviction is required to exhaust his administrative remedies before filing a petition for writ of habeas corpus.  *Lerma v. Estelle*, 585

F.2d 1297, 1299 (5th Cir. 1978); *Broussard v. Johnson,* 918 F.Supp. 1040, 1043 (E.D. Tex. 1996). To exhaust, petitioner was required to pursue TDCJ-CID's internal grievance procedures by presenting his claims in both steps or at least in step 2 of the two-step grievance procedure in a procedurally correct manner. Petitioner's claim of failure to consult medical staff in violation of TDCJ procedure is unexhausted since petitioner failed to properly present it in his Step One or Step Two grievances. Furthermore, petitioner's unexhausted claims are now procedurally barred as the time for filing grievances to this disciplinary case has long since passed. Moreover, even if this claim was exhausted, and as correctly argued by respondent, it is not cognizable in this federal habeas corpus proceeding. Petitioner's ground should be denied.

II.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner MELVIN FORREST BERRY, JR. be DENIED.

III.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this _28th_ day of December 2016.

CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1), as recognized in ACS Recovery Servs., Inc. v. Griffin, 676 F.3d 512, 521 n.5 (5th Cir. 2012); Rodriguez v. Bowen, 857 F.2d 275, 276-77 (5th Cir. 1988).